This morning we have four cases on the docket, one of which has been submitted on the briefs. For the record, I will state the name and the number. The submitted brief of the case is 2008-3075, All Britain v. Treasury. The first case for oral argument is 2007-7220, London v. DVA. Mr. Carpenter, whenever you're ready. Thank you very much, Your Honor. May it please the Court, Kevin Carpenter appearing on behalf of Mr. Lotus London. Mr. Lotus London seeks an interpretation of the meaning of the term ascertainable as used in both the statute and the regulation. The regulation refers to the ascertainableness as being factually ascertainable. Mr. London presented to the Court below a brief which challenged the Board's interpretation of both the statute and the regulation by the impermissible narrowing of the window of the evidence that would be considered to establish that it was factually ascertainable that an increase had occurred within the one-year period prior to the date of the claim for increase. But they weren't refusing to consider the Social Security determination, right? They just said it wasn't conclusive. It wasn't sufficient because of the different standards. Well, that was the only observation that they made about it. It seems to us, Your Honor, that the question here is did they have to consider that as evidence that there had been an increase. All that is called upon by the statute and the regulation is to show that it was factually ascertainable. The discussion about a different standard, frankly, is irrelevant to that which is mandated by the statute. All the statute says is that the VA will look back in the one-year period before the date of the claim for increase to determine whether or not it is ascertainable that there was an increase. In this case, there was clearly evidence that was presented from the Social Security Administration that this man who had been receiving a 70% rating from 1971 to the current effective date of 1989 had been receiving Social Security benefits for the same service-connected condition. Now, regardless upon the standard, the question is was he or wasn't he suffering from an increase in the severity of that condition in that one-year period. How can you ignore the standard? I don't understand that. I'm sorry? How can you ignore the standard, the different standard? Because I don't believe that the standard is relevant to the consideration of the matter at issue under the statute. The matter at issue is was there an increase in the severity. Regardless of the standard used by Social Security, the fact is that his service-connected condition rendered him unable to work. Granted, under the standard of the Social Security Administration, but that was evidence that it was factually ascertainable that there had been an increase, and an increase that related directly to the basis for the difference between the 70% rating and the 100% rating, which was that he couldn't work. All that was at issue was could he work or could he not work. If he couldn't work, and there was evidence that he couldn't work from 1985, then it was factually ascertainable that there had been an increase in the severity of his disability in that one year before. As determined by the Social Security standard. That's correct, Your Honor. And part of what we're asking for is simply that the court find that as a matter of law, that the board was required to look to determine regardless of what that standard was, did that standard establish under the terms of the statute and the regulation that there had been an increase in severity. But are you really requesting for acute type of an analysis under this? I'm not sure I understand you. Because of the factual determination that was made by the SSA, the conclusion and the standard that they used is somewhat different than the standard the VA is required to use. The VA is not required to conclude the same results from the same facts. No, but they are required to consider that evidence as it relates to the ultimate question.  Well, I don't believe that they did, Your Honor. All they said was that it was a different standard. And because they said it used a different standard, that they weren't bound by that. That's not the question whether they're bound by it or not. The question is, does it factually establish that an increase had taken place? He's already been established as meeting the scheduler criteria for the 100% rating effective December 1989. The only question is, should he be entitled to an effective date in that one year period before? And there simply was no contrary evidence in the record to suggest that regardless of what standard was used, he was unable to work due to his service-connected disability. But weren't the same facts presented to the SSA inquiry that were from the VA's... That was my understanding, that yes, they were... They were looking at the same documentation. Same evidence. The VA documentation was essentially presented to the SSA. Correct. And then vice versa to establish the... So on those same facts, the SSA came up with one determination based upon their standard, and the VA came up with another determination based on its standard using the same facts. Aren't you asking us really to reapply the standard that the VA has and review the facts again as presented to the VA? No, Your Honor. What I'm trying to do is ask this court to examine what the purview is, what the evidentiary parameters are of the statute and the regulation. Can you use evidence that establishes an increase in the period that starts before the one-year lookback in order to establish that an increase had taken place? Well, of course you can, but what you're saying is that the Social Security determination has to be treated as conclusive of the question. No, Your Honor. This is a non-adversarial system in which it's a question of whether there is evidence that supports the matter... No, but in order to establish Q, you've got to show that it's outcome determinative. And that's not the issue before this court, is whether it was or was not a clear and unmistakable error. The issue presented below was simply, did the Board rely upon a misinterpretation when it reviewed the 2000 Board decision concerning the criteria? And what I'm looking for is simply a statement of affirmance, as you just articulated, that certainly you are entitled to use that. That doesn't mean I win, but simply that they are required to have considered that evidence to determine whether or not that made it to the Q standard for revision of the 2000 Board decision. I don't believe there's any further questions. I'll reserve the balance of my time at this point for rebuttal. Thank you, Mr. Carpenter. Mr. Kidnoll? May it please the Court. There's only one scenario where this Court would both have jurisdiction and a remand would be warranted, and that is if the correct interpretation of factually ascertainable means that the VA cannot engage in any weighing of the evidence. That obviously is not the case here, and that is not Mr. London's argument. Mr. London's argument, which is directed at the Board's weighing of contradictory evidence here, is a challenge to the factual finding of the Board. As an initial matter, that challenge... Well, he's saying that the Board read the statute as barring it from considering the Social Security Administration determination. I'm not sure that's correct, but if it is correct, that's a statutory interpretation question. Did the Board consider itself bound to ignore the Social Security determination just because of a different standard? No, absolutely not, Your Honor. And in fact, on page 5 of the Joint Appendix, which is also, I believe, page 5 of the Veterans Court opinion, the Court explains at the very first sentence there that the Social Security Administration uses a different standard for evaluating a disability, as discussed by counsel, and it follows that with the word and because the evidence of record, including VA opinions, varied as to when Mr. London incurred an increase in disability. And then the Board... What did the Board say? The Board discusses this issue at pages 40 and 41. At the bottom of page 40, the Board acknowledges the argument regarding the Social Security Administration determination, and at the top of page 41, the Board makes the observation that Social Security uses different standards and then goes on to say, even so, and discusses all of this evidence. The evidence before the Social Security Administration was a little bit more than 200 pages of medical records, which the Board explained is the same, essentially the same, at page 31, essentially duplicate reports of the medical evidence that were used by the RO. So the Board... Were those medical records developed by the VA? Were those the same records that were presented to the VA were also presented to the SSA? Yes, Your Honor. I don't know if every single one of them originated with the VA. According to the Board at page 31, many of them were duplicate. But in any event, we know that the Social Security Administration and the VA were looking at the same medical evidence and, applying their own standards, weighed that evidence differently. And as Mr. London seems to have conceded, the VA... When did they weigh it differently? They weighed it differently... Because ultimately he got the increase. Ultimately he got the increase. Yes, Your Honor. He initially received the 100%... The earliest date at which 100% is assigned was given in... I can't put my finger on it here, but I believe the 1990s. It was March 9, 1990. That sounds possible, Your Honor, yes. But in the March 2000 decision, the underlying Board decision at issue here, the one in which Mr. London claims that there is Q, the Board looked at this evidence. And then the Board looked at it again when assessing whether Q had occurred. And we see that in the Board opinion... But what was determinative of the Board's decision to increase the rating, or the VA's decision to increase the rating? Was it an examination by a private physician? Is that what it was? It was a December 1989 examination, which is located at page 68 of the record. So they made it retroactive to the date of that examination in 1989, right? Yes, Your Honor, and I apologize. I don't see right now whether that was a... I believe, if memory serves, it was a VA doctor's examination, but I don't have that in front of me. I'm not sure. But in any event, the Board treated the date of that examination as an informal claim for an increase. And then because Mr. London filed a formal claim for an increase within one year after that, then this 1989 date, when he had the examination... So the idea is that until the 1989 examination, there wasn't enough evidence of the increase to make it ascertainable that he was entitled to it. Exactly. And putting aside the 1989 examination evidence, what was before the Social Security Administration and what was before the VA was the same. Yes, Your Honor. Now, the VA may have had additional evidence. The Board decision merely says that the records before the Social Security Administration were pretty much duplicate to the ones that were before the VA. So in other words, the Social Security did not consider anything that VA did not also have. How did the VA give the earlier date then? There must have been... I mean, the Social Security gave the earlier date for disability. There must have been some other evidence before. The Social Security. No, Your Honor. It's just that applying the standards applicable to... No, no, no, no. The answer is there was new evidence. It's the 1989 examination. I'm sorry. Could you ask the question again? I want to make sure I understand. I think the question was, you know, what new evidence caused the VA to increase the rating. It's the 1989 examination. Yes, that's right. I apologize for any misunderstanding. The 1989 examination. Yes, but the SSA had some information earlier than that because their decision was much earlier than that. Well, their decision was rendered in 1991. They rendered two decisions, one in January of 1991 and one in August of 1991. And in January 1991, Social Security did not find Mr. London to meet its standards for disability. In August of 1991, Social Security rendered its decision, which is found at page 77 of the record, and found that he had met the Social Security standards since 1985. Then, of course, the VA, looking at all of the same evidence that was available to Social Security, said under VA standards, Mr. London does not qualify. There was conflicting evidence in the record there. Did not qualify for the 1985 date. He did not qualify for any date prior to 1989. Because of that subsequent examination, the physical examination that was done in 1989. Because eventually the VA gave him an effective date of 12-15-1989. Yes, Your Honor. In any event, 1989 is the earliest medical record or any kind of evidence that demonstrates this increase in disability. But as... Go ahead. I was going to say, the SSA gave the date of unemployability and disability back to 1985. They must have had some evidence to take it back that far. Yes, Your Honor. And was this not available to the VA? It was. I'm sorry, I didn't mean to interrupt. It was available to VA, but it did not demonstrate to VA an increase in the severity of the illness. As the Board explained, the Social Security Administration and the VA, looking at the same evidence, can and did reach different conclusions. What bothers me in this case is the words, factually ascertainable. Those are kind of unusual words and they don't appear in any other part of the VA regulations. And I just don't know what that means. It must have some special meaning, but it's not the usual situation where you file a claim and the veteran has a burden to show he's disabled. Your Honor, I'd have to disagree and say it is, while it may not be the most typical language, it is the usual burden. Factually ascertainable and the word ascertainable in the statute both then modify the phrase that an increase in disability had occurred. The question is whether it was factually ascertainable that this increase had actually occurred. And both the statute and the regulation, of course, are directed to the VA and to the VA as it makes its decisions. And so it then pulls in the applicable standards from any other decision that it makes, from 38 U.S.C. 5107 and 7104, such that if the evidence is in equipoise, then we want to favor it. If the statute read that the veteran has to show or has to establish something like that, that's pretty well the standard type of burden. But when they use these kind of strange words, ascertainable and factually ascertainable, there must be some other meaning to it or not the usual burden. That's what bothers me in here. Your Honor, I'd point out that the other provisions in this same statute and same regulations do not say when the veteran can establish a particular date. They're all phrased in this language that is directed at the VA making a determination. So, for example, in 5110A, we see Congress directing that an effective date should be fixed in accordance with the facts found, that being the facts found by VA, not necessarily telling the veteran that he or she has to establish something. So all of it is just in the nature of language directed toward the VA. I don't know that there's anything magic about the phrase factually ascertainable. It just directs VA to look at the evidence, weigh the evidence as it did here, and then decide whether under the applicable standards an increase was demonstrated. What evidence, I guess, is part of the problem? It strikes me that the VA is saying that the evidence has to be evidence that we had in our files as opposed to evidence that would suggest that whatever the condition was, it didn't just happen yesterday. It must have happened earlier. Am I correct that the VA says we only look to the evidence that we had in our files? If I understand your question to be asking whether VA will only look at evidence that it had contained evidence. It interprets ascertainable to mean ascertainable from the evidence that we had in our files. Is that correct? No. The VA will look at all of the evidence that is before it at the time that it's making this decision about whether it was factually ascertainable. If the evidence was not in the record three years prior, that doesn't have any impact. I mean, VA does... It doesn't have to be that the VA is not saying we had to have evidence a year earlier that would show to us that there was an increase that was warranted. They're just saying based on the evidence at the time we determined that an increase is available, we look to see whether that evidence suggests that this particular condition existed a year earlier. Yes, Your Honor. In other words, the decision about the increase is not tied to the date when the evidence was submitted to VA. At the time that VA sits down to apply 5110B2, of course at that moment the evidence needs to be in front of VA. There wouldn't necessarily be a problem with the different standards if what VA was required to do is look at the evidence that caused the SSA to go to an earlier date. Now, that wouldn't involve a standard. It would just be a matter of looking at the evidence and determining whether it was factually ascertainable. That's exactly right. And it sounds like you're arguing that they have to reweigh the whole situation. And because they have a different standard than SSA, they don't have to follow SSA. Well, VA does look at all of the evidence of the record. And in this case, that evidence was also before Social Security. And then VA does do its own weight and its own analysis. If this is just an earlier date, do they have to reweigh any evidence beyond the evidence that shows that the condition started at an earlier time? They don't have to reweigh the evidence as to whether he was schizophrenic or something. That's right. So is it more limited what they have to look at under this factually ascertainable standard? Because all they're trying to do is come to an earlier date for giving benefits. Well, VA, it could possibly be more limited, but only in the following respect. If VA were to look at the evidence back one year and one month prior to when the claim for an increase had been filed, and they find in the record sufficient evidence to show that an increase had occurred, then that is sufficient to qualify the Veteran for the one-year earlier disability rating. And VA does not then have to keep going backwards another five or ten years. What I'm suggesting is that VA doesn't have to reweigh all the evidence that made the determination that he was disabled in finding out whether a condition existed prior to that. Maybe all they have is evidence that he was unemployable for five years before the date the claim was filed. That would be strong evidence that maybe his condition went back five years if he was completely unemployable. But VA does not reassess the underlying effective date that has already been set. Well, doesn't that mean that this different standard that they're relying on goes to all of the evidence, the underlying condition? Isn't that what they say about the SSA report? VA says they look at all of the evidence in the record. And I may need to clarify the statement I made previously when I said that VA doesn't reassess the underlying effective date. I mean that they're not going to deprive the Veteran of any benefit that has already been awarded. They're simply doing this assessment of all of the evidence of record to see whether it could be even earlier than it has already been set. And that is it's a full assessment of all of the evidence of the record to see whether there's an increase in severity of that disability for the one year prior to the claim. And that because it is at its essence a weighing of the evidence that cannot constitute Q. It's well established that a disagreement as to how the evidence was weighed doesn't constitute Q. If this were a direct appeal of the 2000 decision, we might be in a very different situation. But in this situation, if the court does have jurisdiction, it's simply never going to rise to the point of Q and thus no remand is warranted. I'm just amazed that the same evidence that would be presented to the SSA was also presented to the VA, and they come up with different conclusions, especially with that one year time period. I just don't quite understand that because basically I thought the VA was supposed to be a friendly type of organization to help the Veteran, but here it seems to be weighing the evidence against the Veteran's determinations. The differences between the SSA system and the VA system, the standards that are applied, have been discussed in several cases. I understand that, but it seems to be that one should be more user-friendly than it turns out to be using the same evidence. I imagine that in some... That's not for us to determine. Yes, Your Honor. Thank you. Thank you. Any more questions? Thank you. Why don't you add two minutes to Mr. Carpenter's time if he needs it. I would like to start back at page 40 of the board's decision in the joint appendix on to the conclusion of that paragraph at page 41. As I see it, the misinterpretation relied upon by the board and by the Veterans Court and the Affirmative Board was the fact that they missed the salient issue under 5110B2, which is was there or wasn't there evidence of an increase in the one year prior. In that entire paragraph, that subject is not discussed. In the entire board decision, that subject is not discussed. In fact, their conclusion is the above supports a finding that the same evidence before the board and the SSA could be interpreted so as to result in a different conclusion about unemployability. That's not the question. Certainly, they could result in a different conclusion about unemployability. The question is was the evidence, the only evidence, in that one year period before that he was unemployable evidence of an increase. We suggest that under the proper interpretation of both the statute and regulation that the board misinterpreted the statute and regulation and that the court below relied on that misinterpretation. Unless there's any further questions, I'll waive any further. Thank you very much, Your Honor. Thank you, Mr. Corcoran. The case is submitted.